IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA DEMARIA :

v. : Civil Action No. DKC 15-1270

TARGET CORPORATION :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Laura Demaria filed a negligence action against Target Corporation for injuries allegedly sustained when a shopping cart entered the down escalator on which she was riding and struck her. She claims to have suffered severe personal injuries and seeks more than $75,000 in damages. In discovery, she sought information about incidents at other Target stores, specifically in Interrogatory No. 10 (describe each time someone released a shopping cart on a down escalator at any store) and Interrogatory No. 12 (how were the safety measures at this store different from those at other stores that had a down escalator within five feet of a shopping cart transport entrance). Her motion also seeks information pursuant to Interrogatory No. 18 (have you received concerns from others as to dangers posed by the configuration); and Document Request No. 27 (seeking pictures or videos contradicting Plaintiff’s injury claims.)

Resolving discovery disputes involves balancing the broad scope of discovery as to any nonprivileged matter relevant to a party's claim or defense against the burden or expense involved.

Target has already acknowledged that the same type of incident occurred at least a dozen times in the prior five years at the same store before it happened to Plaintiff, and it has provided the incident reports. Plaintiff contends, thus, that she should get specific information about any other incidents that occurred at other stores before she was injured, and about any earlier incidents at the location where she was injured. Target contends that there are numerous stores across the country that utilize a cart conveyer, but that not all have the same configuration, and that it would be unduly burdensome to amass the requested information.

It is premature to conclude that any variations in the configuration of the escalators and cart transports make incidents in other stores irrelevant. The five year time frame proposed by Target seems reasonable. Accordingly, Target will be required to supplement its response to Interrogatory No. 10. On the other hand, separate response to Interrogatory No. 12 regarding safety measures is overbroad and would require Target to undertake significant analysis. Plaintiff will get

information about the safety measures at stores where incidents occurred and she can make her own assessment.

Similarly, Target's argument as to why Interrogatory No. 18 is impermissibly broad has merit and no further response will be required.

Finally, it appears that Target has adequately responded to Document Request No. 27 by stating that it currently has no responsive documents.

Accordingly, it is this 24th day of February, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to compel filed by Plaintiff Laura Demaria (ECF No. 33) BE, and the same hereby IS, GRANTED IN PART and DENIED IN PART as follows:

a. Defendant will respond to Interrogatory No. 10 as to all stores within the 5 years prior to April 1, 2012; and

b. Defendant need not respond further to Interrogatory Nos. 12 and 18 and Document Request No. 27.

2. The clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.

/s/
DEBORAH K. CHASANOW
United States District Judge