IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA DEMARIA                :

    v.                         :   Civil Action No. DKC 15-1270

TARGET CORPORATION           :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion for a new trial filed by Plaintiff Laura Demaria ("Plaintiff"). (ECF No. 83). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

Plaintiff argues that the unrefuted evidence at trial showed Defendant Target Corporation ("Defendant") knew about a danger, refused to eliminate the danger, and lacked a good reason for its refusal, and, therefore, the verdict finding Defendant not liable was against the weight of the evidence and Plaintiff should receive a new trial pursuant to Fed.R.Civ.P. 59. (ECF No. 83, at 5) ("Since Target's reason for not eliminating the danger has no merit, the overwhelming weight of the evidence demonstrates that Target's deliberate choice to not eliminate the danger was unreasonable."). Defendant does not

dispute the foreseeability of an injury but argues that its decision was reasonable considering all relevant factors. (ECF No. 85, at 4-5).

In diversity actions, a district court applies the substantive law and choice of law rules of the state in which the court sits. *Padco Advisors, Inc. v. Omdahl*, 179 F.Supp.2d 600, 605 (D.Md. 2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). In a tort action, Maryland law requires applying "the substantive tort law of the state where the wrong occurs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). The accident in this case occurred in Maryland, and, therefore, Maryland law applies. *See id*. Maryland law does not, however, govern procedural rules in this court, even when jurisdiction is based on diversity, and it does not apply when there is conflicting federal law.

Under Maryland law, "the proprietor of a store is not an insurer of his customers while they are on the premises," and "no presumption of negligence on the part of the proprietor arises merely from showing that an injury was sustained in his store." *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 118-19 (1955). Even where a defendant knows of a danger and does not eliminate it, a defendant is not liable unless allowing the danger to persist was unreasonable. *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 642 (1994) ("'Even though the intervening

cause may be regarded as foreseeable, the defendant is not liable unless the defendant's conduct has created or increased an unreasonable risk of harm through its intervention.'" (quoting W.P. Keeton, *Prosser and Keeton on the Law of Torts* § 44, at 305 (5th ed. 1984))).

In a motion for a new trial under Rule 59, a district court must "set aside the verdict and grant a new trial if . . . the verdict is against the clear weight of the evidence[.]" *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001) (quoting *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996). "[O]n a motion for new trial under Rule 59(e) a district court is permitted to weigh the evidence." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 650 (4th Cir. 2002). "[T]he district court has a duty to order a new trial to prevent an injustice." *Johnson & Towers Balt., Inc. v. Vessel Hunter*, 824 F.Supp. 562, 566 (D.Md. 1992). However, "'[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done.'" 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2803 (3d ed. 2017). The decision to grant or deny a new trial rests with the discretion of the district court. *Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429, 1433 (4th Cir. 1985).

Here, Plaintiff and Defendant agreed that some risk of harm existed and that the risk was foreseeable. (ECF No. 85, at 4) ("Target did not dispute that it was foreseeable at the time of the accident that a customer could place a cart onto the down escalator."). The parties disagreed whether the risk was unreasonable, and Plaintiff had the burden of establishing at trial that the risk was unreasonable by a preponderance of the evidence. (*Id.* at 3-5); *Kruvat v. Dickerman*, 18 Md.App. 1, 3-4 (1973). Plaintiff offered an expert who testified that Defendant acted unreasonably in designing its escalator because Defendant could have eliminated any risk. Defendant offered an expert who testified that the design plan for the escalator reflected a careful balancing of different safety concerns and that the risk was not unreasonable because any potential fix would create other safety issues. Facing this competing evidence, the jury found that the Plaintiff had not shown by a preponderance of the evidence that the risk was unreasonable. The jury's decision was not against the clear weight of the evidence. Therefore, Plaintiff's motion is DENIED.

                                    /s/
                              DEBORAH K. CHASANOW
                              United States District Judge